UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KATHLEEN C. STEVENSON, | Case No. 11-13003 |
| Plaintiff, | Mark A. Goldsmith |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

## REPORT AND RECOMMENDATION
## MOTION FOR ATTORNEY FEES (Dkt. 12)

**I.   PROCEDURAL HISTORY**

Plaintiff Kathleen C. Stevenson filed the instant claims on July 12, 2007, alleging that she became unable to work on January 19, 2007. (Dkt. 5, Tr. at 105-14). The claim was initially disapproved by the Commissioner on August 24, 2007. (Dkt. 5, Tr. at 56-60). Plaintiff requested a hearing and on May 12, 2010, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Oksana Xenos, who considered the case *de novo*. (Dkt. 5, Tr. at 33-54). In a decision dated June 17, 2010, the ALJ found that plaintiff was not disabled. (Dkt. 5, Tr. at 18-32). Plaintiff requested a review of this decision on July 19, 2010. (Dkt. 5, Tr. at 10-17). The ALJ's decision became the final decision of the Commissioner when the Appeals Council, on July 11, 2011, denied plaintiff's request for review. (Dkt. 5, Tr. at 1-5); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir.

1

2004).

On July 13, 2011, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Mark A. Goldsmith referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability and disability insurance benefits. (Dkt. 2). At the request of the parties, the Court entered judgment on December 15, 2011, reversing the Commissioner's decision and remanding the matter to the agency pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Dkt. 11).

On June 12, 2013, plaintiff filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"). (Dkt. 12). Plaintiff requests a total of $2,972.50 in attorney fees and reimbursement of the filing fee of $350, for a total award of $3,322.50. (*Id.*). This motion was referred to the undersigned for report and recommendation. (Dkt. 15). The Commissioner filed a response to plaintiff's motion on June 13, 2013. (Dkt. 14). The Commissioner argues that plaintiff's motion should be denied because it is not timely, pursuant to 28 U.S.C. § 2412(d)(1)(B), and plaintiff has not met her burden of establishing that exceptional circumstances warrant equitable tolling of the EAJA time limitation. (*Id.*).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for attorney fees be **DENIED**.

## II. ANALYSIS AND CONCLUSION

Pursuant to the Equal Access to Justice Act ("EAJA"), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. 28 U.S.C. § 2412(d)(1)(A). The statute provides that the prevailing party's motion for attorney fees must be filed "within 30 days of the final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A "final judgment" is defined in the statute as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Under the Federal Rules of Appellate Procedure, a judgment is final and non-appealable after 60 days. *See* Fed. R. App. P. 4(a)(1)(B). This Court entered judgment on December 15, 2011. (Dkt. 11). This would make February 12, 2012 the last day an appeal could have been taken. The thirty-day period for filing the motion for attorney fees then began running on that date and ended on March 14, 2012. Plaintiff, however, did not file her EAJA fee motion until June 12, 2013, more than one year later. (Dkt. 12). Plaintiff's motion is not timely.

However, the EAJA time limitation is not jurisdictional and is subject to equitable tolling. *Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 581-82 (6th Cir. 2005). Plaintiff can avoid dismissal only if she meets her burden of

3

establishing exceptional circumstances that warrant equitable tolling. *See id.* at 582-83; *Kellum v. Comm'r of Soc. Sec.*, 295 Fed. Appx. 47, 49 (6th Cir. 2008) (plaintiff bears the burden of establishing her entitlement to equitable tolling). When determining whether equitable tolling should apply, the court considers the following factors: (1) the petitioner's lack of actual notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing her claim. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001), *abrogated on other grounds by Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011)).

Plaintiff here does not address the timeliness of her request for fees in her motion. (Dkt. 12). Further, plaintiff has filed no reply to the Commissioner's response objecting to the EAJA fees as untimely, and therefore has put forth no reason why equitable tolling would apply. Accordingly, plaintiff's motion for fees is untimely. *See Williams v. Astrue*, 2013 WL 66215, at *1 (E.D. Ky. Jan. 4, 2013) (denying application for EAJA fees as untimely filed because plaintiff failed to present any arguments concerning the issue of equitable tolling); *Horn v. Astrue*, 2012 WL 3441455, at *2 (E.D. Tenn. Mar. 2, 2012) (denying motion for EAJA

fees because plaintiff failed to reply to the Commissioner's response objecting to the EAJA fees and therefore put forth no reason why equitable tolling would apply), *adopted by* 2012 WL 3440125 (E.D. Tenn. Aug. 14, 2012).

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for attorney fees be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 25, 2013           s/Michael Hluchaniuk
                                   Michael Hluchaniuk
                                   United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on September 25, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Norton J. Cohen, Russell Cohen and William L. Woodard, AUSA, and the Commissioner of Social Security.

                                   s/Tammy Hallwood
                                   Case Manager
                                   (810) 341-7887
                                   tammy_hallwood@mied.uscourts.gov

6